DYKMAN, J.: This is an application on the part of the defendant for permission to appeal to the Court of Appeals from the judgment of the General Term of this court, reversing the judgment of the Special Term which sustained a demurrer to the complaint in this action. The motion is based upon an affidavit of the attorney for the defendant, which states that the defendant desires to appeal to the Court of Appeals from the judgment of the General Term. The affidavit states no reason why such permission should be granted, and we have been unable to discover any. According to the complaint the defendant has been guilty of a gross fraud, and he should not be permitted to delay the day of trial by technical objections to the complaint. If he has any defense he had better address himself to its production, and if he has none, there should be no delay of the day of judgment. The motion should be denied, with ten dollars costs and disbursements. Brown, P. J. and Pratt, J., concurred.

Emma Bryant v. Louis J. Grant.—Motion for reargument denied, with costs.—
DYKMAN, J.: There is a motion for a reargument in this case, but no sufficient reason appears in favor of the application, and the motion should be denied, with ten dollars costs and disbursements. Brown, P. J., concurred; Pratt, J., not sitting.

Louis Liebmann and Another, Plaintiffs, v. Liebmann Brothers Company, Defendant; Louis Blumgart, Appellant. — Orders affirmed, with ten dollars costs and disbursements, on opinion of Justice Cullen at Special Term. All concur.

Matthias Ruppert, as Administrator of Joseph Ruppert, Deceased, v. The Brooklyn Heights Railroad Company.— Judgment and order affirmed, with costs. No opinion. All concur.

The Town of Newtown, Respondent, v. Thomas Auld, Appellant.— Judgment and order affirmed, with costs.—
PRATT, J.: This case does not purport to contain all the evidence adduced on the trial. Regulations of the local board of health were read. In the absence of evidence to the contrary, we must assume that the property existed under chapter 661 of the Laws of 1893. We can see from the case that there was sufficient evidence to justify the court in submitting the case to the jury. We discover no error in the record. Judgment affirmed, with costs. Brown, P. J., and Dykman, J., concurred.

Estelle Floyd, as Administratrix, etc., of Wallace J. Floyd, Appellant, v. Elizabeth A. Floyd, Respondent.—Judgment affirmed on opinion of Bartlett, J., at Special Term. All concur.

William L. Rich, as Administrator of the Goods and Chattels and Credits of Josiah Rich, Deceased, Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.— Judgment affirmed, with costs.—
DYKMAN, J.: This is an appeal from the judgment entered upon the dismissal of the complaint at the close of the testimony on the part of the plaintiff upon the trial at the Circuit before a jury. When this case was in the Court of Appeals (87 N. Y. 382) it was stated in the opinion delivered there that the complaint was for a tort, and that the tort charged was, that the defendant, in order to reach a lawful result, planned a fraudulent scheme for its accomplishment by unlawful means, and through an injury to the plaintiff which would strip him of his damages by a complete sacrifice of his property by means of a plan embracing a refusal to open the restored depot at the foot of Main street, the driving of the plaintiff's mortgagee to a foreclosure, stripping the plaintiff of his property, and all this by the defendant's direct instigation. The evidence necessary to support the charge was declared by the Court of Appeals to be such as to establish a scheme for oppression and fraud, of which, if established, the defendant's procurement of the foreclosure and sale was a part. The court said: "If it is made plain that the mortgagee would have waited but for the fraudulent scheme and conduct of the defendant, that is enough." The court further declared that: "Proof of the contract and its breach, of the delay in restoring the depot and the reasons therefor were essential links in the chain. If the proof should go no further a nonsuit would be proper." Under the standard thus set up, it was incumbent upon the plaintiff to establish a scheme of fraud carried out by the defendant or its agents with intent to deprive the plaintiff of his property, by inciting a foreclosure of the mortgage of the Mutual Life Insurance Company, and a sale of his property thereunder. So far from meeting the requirements and sustaining the burden thus placed upon the plaintiff, the case is destitute of proof to convict the defendant of any of the acts charged against it in the complaint. The principal charge in the complaint against the defendant is that it incited the foreclosure of the mortgage held by the Mutual Life Insurance Company against the property of the plaintiff, and caused his property to be sold under a judgment, and the record is destitute of any proof to connect the defendant with that transaction. There was no proof to show any connection of the railroad company with the various proceedings of the insurance company in the foreclosure suit, or even that it was in possession of any knowledge or notice thereof. The property of the plaintiff was injuriously affected by the change in the grade of Main street at the railroad station in the city of Yonkers, and the sale under the mortgage of the insurance company was ruinous to him, but the evidence in this case fails to connect the railroad company with this transaction in any manner. In fact neither of these disasters befell the plaintiff by reason of anything done by the company. Great indulgence was shown to the plaintiff by the trial judge upon the trial of this action. He was permitted to reopen the case and introduce further proof, but the effort in that direction failed, and the trial judge was left no discretion except to dismiss the complaint, which he properly did, and the judgment must be affirmed, with costs. Pratt, J., concurred; Brown, P. J., not sitting.

Corydon Powell Karr and Others, Respondents, v. John H. Baxter and Others, Trustees, etc., Appellants.— Judgment and order affirmed, with costs.—
PRATT, J.: The case presents little but questions of fact which were fairly presented to the jury and upon which their verdict must be decisive. It cannot be said that there is a failure of evidence in its support. No exceptions require attention. Judgment affirmed, with costs. Brown, P. J., and Dykman, J., concurred.

The People of the State of New York ex rel. Daniel Dougherty, Relator, v. Frederick W. Wurster, Fire Commissioner, etc., Respondent.— Determination confirmed, without costs.—
PRATT, J.: Relator cannot be properly said to be a member of the force for extinguishment of fires, but was employed as his appointment shows as a laborer. Taking the case of *People ex rel. Crafts* v. *The Fire Commissioners* (28 Hun, 495) as the true interpretation of the law, the relator cannot be said to be a member of the fire force, but